# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JERMAINE SNOW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:04-cv-00239-JHH-JEO |
| | ) |
| WARDEN GRANT CULLIVER, DONAL | ) |
| CAMPBELL, and THE ATTORNEY | ) |
| GENERAL OF THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The petitioner, Jermaine Snow, filed a petition for writ of habeas corpus with this court on February 5, 2004.  (Doc. 1 (hereinafter "Petition")).[1]  He challenges the validity of his 2000 conviction for capital murder and attempted murder received in the Circuit Court of Jefferson County, Alabama.  Specifically, he alleges (1) that the trial court erred in overruling his objection to the prosecutor's closing argument; (2) that the prosecution failed to produce evidence of specific intent to support his convictions, improperly denying his motion for a judgment of acquittal; (3) his indictment failed to contain a material element, that is the name of a third person "alleged to be the person Snow was intending to kill," resulting in a variance between the indictment and the proof; (4) the trial court erred in finding that trial counsel was not ineffective in failing to request jury instructions on the offenses of reckless murder and reckless manslaughter; (5) the trial court erred in finding that trial counsel was not ineffective in failing to challenge the validity of the indictments; (6) the trial court erred in finding that counsel was not ineffective in failing to move to dismiss the indictment on the ground that Alabama Code §

---

[1] References herein to "Doc. ___" are to the document numbers assigned the pleadings by the Clerk of the Court.

13A-5-40(a)(18) is unconstitutional and discriminatorily applied; and, (7) the trial court erred in finding that trial counsel was not ineffective in failing to move "to quash the indictment because the Alabama Constitution is itself unconstitutional under the Federal Constitution." (Petition).[2]

The magistrate judge assigned this matter entered a report and recommendation on December 5, 2005, finding that the petition is due to be denied and dismissed with prejudice. (Doc. 22). The petitioner was afforded the customary fifteen days to object. (*Id.*). He requested additional time to object. That motion was granted. He was given until January 26, 2006, to file his objections. Because the Clerk of the Court had not received any objections by February 7, 2006, the matter was dismissed with prejudice. (Doc. 24 & 25).

The Clerk of the Court received the petitioner's "Motion for Extension of Time to File Response to Report and Recommendation" on February 13, 2006. (Doc. 26). Because the motion was purportedly signed by the petitioner on January 26, 2006, the court afforded him until March 3, 2006, to file a response. On March 6, 2006, the court received his "Objection." (Doc. 27). Therein, he complains that it is difficult to make an appropriate objection because he has "misplaced" his copy of the original petition.[3] (*Id.* at p. 1). Despite this statement, he has submitted his "Objection."

After considering the entire file in this action, including the petitioner's objections, the court again has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the

---

[2] The petition is located at document 1.

[3] He requests that the court provide him with a copy of the petition. The court declines the petitioner's request. Should he still desire a copy of the same, he can contact the Clerk of the Court to obtain a copy at his expense. The court also notes that this request was not made until over three months after the report and recommendation was entered.

findings and recommendation of the magistrate judge as the findings and conclusions of the court.  In accord with the recommendation, the court finds that the petitioner's application for a writ of habeas corpus is due to be denied and this matter dismissed with prejudice.  An appropriate order will be entered.

      **DONE** this the  21st  day of March, 2006.

                                     */s/ James H. Hancock*
                              SENIOR UNITED STATES DISTRICT JUDGE